UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON MCDUFFIE,

        Plaintiff,

        v.                                       Case No. 25-cv-1172-bbc

ANDREW COLIN, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandon McDuffie, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McDuffie's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

McDuffie has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McDuffie has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $40.57. McDuffie's motion for leave to proceed without prepayment of the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to the complaint, McDuffie is a "severe asthmatic," who has prescriptions for an inhaler and a CPAP machine to help breathe at night. Dkt. No. 1-1, ¶¶8 & 13. Unit staff are aware of his serious breathing issues because they have to organize his CPAP machine at night

2

and provide inhalers when needed. *See id*. On February 25, 2025, McDuffie heard a verbal altercation between Defendant Correctional Officer (CO) Jehers and an unruly inmate. *Id*., ¶¶5-8. McDuffie heard CO Jehers tell correctional staff to "suit up" to use OC Spray to remove the unruly inmate from his cell. *Id*., ¶8. McDuffie reminded CO Jehers that he could not be around OC Spray due to his severe breathing issues and asked to be removed from the Unit. *Id*. CO Jehers ignored him. *Id*., ¶¶9 & 14. Defendant Lieutenant (Lt.) Andrew Colin arrived a few minutes later. *Id*., ¶10. McDuffie also reminded Lt. Colin that he could not be around OC Spray due to his severe breathing issues and asked to be removed from the Unit. *Id*., ¶11. Lt. Colin also ignored him. *Id*., ¶¶12 & 14. About 20 minutes later, CO Jehers and Lt. Colin returned with the OC Spray team. *Id*., ¶¶15 & 16. McDuffie again yelled out to both of them that he had to be removed from the Unit if they planned to use OC Spray due to his severe breathing issues. *Id*. They again ignored him. *Id*., ¶17. Correctional staff then used the OC Spray to remove the unruly inmate from his cell. *Id*., ¶19. McDuffie did his best to cover the vent into his cell, but the Unit's ventilation system connects all the cells, and his cell was flooded with OC Spray. *Id*., ¶¶17 & 20. McDuffie started to have an asthma attack, and he could not breathe, so he pushed the emergency button. *Id*., ¶¶20 & 21. No one responded. *Id*., ¶21. Other inmates could hear McDuffie coughing and suffocating inside his cell and they began kicking on their cell doors to yell for staff to assist McDuffie. *Id*., ¶¶22 & 23. About five to ten minutes later, CO Jehers brought McDuffie his inhaler. *Id*., ¶¶24 & 25. McDuffie experienced extreme discomfort and pain from the inability to breathe. For relief, he seeks monetary damages. Dkt. No. 1-1 at 8 & 9.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference towards unsafe conditions of confinement. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). To state a claim, McDuffie must allege that: (1) he experienced conditions of confinement that deprived him "of the minimal civilized measure of life's necessities; and (2) the defendants acted with deliberate indifference with respect to the conditions. *Id*. The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). "Deliberate indifference…means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773.

McDuffie alleges that he is diagnosed with severe asthma and cannot breathe around OC Spray. He alleges that, on February 25, 2025, he heard a plan to use OC Spray on his Unit and he asked to be removed from the Unit to prevent breathing issues. Lt. Colin and CO Jehers allegedly ignored the request even though they were fully aware of his breathing problems. McDuffie states that it took an additional 20 minutes before the OC spray team arrived, so there was more than enough time to remove him from the Unit before using the OC spray. McDuffie claims that it was not an "emergency situation" that required him to stay in the Unit. McDuffie believes that Lt. Colin and CO Jehers either did not care about his wellbeing or wanted him to suffer. Based on these allegations, the Court can reasonably infer that Lt. Colin and CO Jehers may have been deliberately indifferent towards an objectively serious risk of harm. Therefore, McDuffie may proceed on an Eighth Amendment deliberate indifference claim against Lt. Colin and CO Jehers

4

in connection with his asthma attack from use of OC Spray on February 25, 2025 at the Waupun Correctional Institution.

## CONCLUSION

The Court finds that McDuffie may proceed on an Eighth Amendment deliberate indifference claim against Lt. Colin and CO Jehers in connection with his asthma attack from use of OC Spray on February 25, 2025 at the Waupun Correctional Institution.

**IT IS THEREFORE ORDERED** that McDuffie's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lt. Colin and CO Jehers.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Lt. Colin and CO Jehers shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of McDuffie shall collect from his institution trust account the **$309.43** balance of the filing fee by collecting monthly payments from McDuffie's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McDuffie is transferred to another institution, the transferring institution shall forward a copy of this Order along with McDuffie's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where McDuffie is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McDuffie is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge
