UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON C. MCDUFFIE,

Plaintiff,

v. Case No. 25-CV-1172

ANDREW J. COLIN and
DEMETRIS JETTERS,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Brandon C. McDuffie is currently incarcerated at the Milwaukee Secure Detention Facility and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on an Eighth Amendment deliberate indifference claim based on allegations that Defendants Andrew J. Colin and Demetris Jetters ignored his request to be removed from the Restrictive Housing Unit before officers deployed OC spray on another inmate and that he suffered an asthma attack as a result. (ECF No. 9.)

Defendants filed a motion for summary judgment on July 8, 2026. (ECF No. 22.) In a notice and order, the Court reminded Plaintiff that, under Civil Local Rule 56(b)(2), his response materials were due by August 7, 2026. (ECF No. 33.) The Court warned Plaintiff that, if he failed to respond to the motion by the deadline or request additional time to do so, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in their favor and the case being dismissed. On August 11, 2026, the Court extended Plaintiff's deadline to respond to the motion for summary judgment to September 8, 2026. (ECF No. 36.) The Court again warned that, if Plaintiff does not file his response materials or request

additional time to do so by the deadline, the Court will assume all facts asserted by Defendants to be true and will decide the motion without Plaintiff's input. The deadline has passed, and Plaintiff did not respond to the motion or provide any explanation about why he was unable to respond.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Plaintiff's failure to respond, no jury could reasonably conclude that Defendants were deliberately indifferent to Plaintiff's medical needs.

Specifically, Plaintiff presents no evidence that the severity and duration of the OC spray in another inmate's cell caused Plaintiff to suffer a deprivation that was, "from an objective standpoint, sufficiently serious to result in the denial of the minimal civilized measure of life's necessities." *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (internal quotation marks and citation omitted). Nor does Plaintiff present evidence to rebut Defendants' assertions that they did not know of or disregard a substantial risk of serious harm to Plaintiff. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Colin did not hear Plaintiff's pleas to not use OC spray or to remove him from his cell before the OC spray was used, and Colin did not have any information on which to believe that Plaintiff faced an excessive risk before the OC spray was deployed. CO Jetters was not involved in the cell extraction of the inmate; instead, he was on A-wing and B-wing picking up lunch trays during the time of the removal. Therefore, Plaintiff did not request that CO Jetters remove him from his cell before the deployment of OC spray. After the incident, CO Jetters provided Plaintiff with his inhaler twice within a half hour period. When Plaintiff asked to see the nurse, CO Jetters immediately went to the sergeant's office to report that Plaintiff requested the nurse. For these reasons, Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 22) is **GRANTED**. Defendants' motion to dismiss (ECF No. 37) is **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on September 29, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.